IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| MARKISS LEE, # 277800, | ) Civil Action No. 3:05-3491-GRA-JRM |
| Plaintiff, | ) |
| vs. | ) |
| SCDC; DHEC; AND JON OZMINT, | ) |
| Defendants. | ) **REPORT AND RECOMMENDATION** |

Plaintiff, Markiss Lee, filed this action, pro se, in the Court of Common Pleas for Richland County, South Carolina. He is an inmate in the Special Management Unit ("SMU") at the Lee Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Defendants are SCDC, the South Carolina Department of Health and Environmental Control ("DHEC"), and SCDC Director Jon Ozmint ("Ozmint"). They removed this action to this court on December 14, 2005.[1] On February 28, 2006, Defendants filed a motion for summary judgment. Because Plaintiff is proceeding pro se, he was advised on March 6, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint. On April 18, 2006, the undersigned issued an order allowing Plaintiff an additional fifteen days in which to advise the Court whether he wished to continue to prosecute this action.

---

[1]Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

On May 5, 2006, Plaintiff filed a response in which he stated that he wishes to continue to prosecute his case.[2]

## DISCUSSION

Plaintiff appears to allege that his prison conditions violate his Eighth Amendment rights.[3] He also alleges claims under South Carolina law. Defendants contend that their motion for summary judgment should be granted because: (1) Plaintiff has failed to exhaust his administrative remedies;[4] (2) Defendant Ozmint is entitled to judgment as a matter of law because liability cannot

---

[2] Plaintiff did not file any supporting materials.

[3] It is unclear whether Plaintiff is also attempting to assert a claim for conspiracy under § 1983. To establish a civil conspiracy under § 1983, a plaintiff must present evidence that the defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy, which resulted in deprivation of a constitutional right. Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996). A plaintiff must come forward with specific evidence that each member of the alleged conspiracy shared the same conspiratorial objective. Id. To survive a summary judgment motion, a plaintiff's evidence must reasonably lead to the inference that the defendants came to a mutual understanding to try to "accomplish a common and unlawful plan." Id. A plaintiff's allegation must amount to more than "rank speculation and conjecture," especially when the actions are capable of innocent interpretation. Hinkle at 422. The plaintiff must show that the defendants possessed an intent to commit an unlawful objective. Id. Here, Plaintiff has presented nothing other than his own speculation that there was a conspiracy.

[4] This report and recommendation addresses Plaintiff's federal claims on the merits. Alternatively, the undersigned recommends that this action be dismissed because Plaintiff has failed to exhaust his administrative remedies. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. Janet Driggers, an Inmate Grievance Coordinator for SCDC, states that review of SCDC records shows that Plaintiff filed grievances in July and August 2005 concerning his meals, showers, cell, and sanitation, but he has not exhausted his administrative remedies as to those grievances. Driggers Aff.

be premised on a theory of respondeat superior; (3) Plaintiff fails to show that his Eighth Amendment rights were violated; (4) Plaintiff's claims fail for want of a significant injury; and (5) Defendants have never been properly served with process.[5]

### 1. Conditions of Confinement

Plaintiff alleges that he is not served enough food; correctional officers serve his food under unsanitary conditions; and his cell and the showers are dirty.[6] Defendants contend that Plaintiff fails to show that the alleged conditions reach the level of a serious deprivation of a basic human need and he has not shown any serious or significant physical or mental injury from his

---

[5]It is unclear from the materials presented whether Defendants have been properly served. Even if Plaintiff did not properly serve Defendants, 28 U.S.C. § 1448 provides:
> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

To the extent that process is defective, it may be necessary to give Plaintiff the opportunity to re-serve Defendants in accordance with the Federal Rules of Civil Procedure. See Brazell v. Green, 67 F.3d 293, 1995 WL 572890 (4th Cir. 1995)(unpublished)(finding that pro se plaintiff who improperly served defendants prior to removal should be allowed an opportunity to re-serve defendants where defendants had notice of suit and did not claim to have been prejudiced by plaintiff's failure to properly serve them). Here, however, Defendants' motion for summary judgment should be granted for the reasons discussed below.

[6]Much of the Complaint does not discuss Plaintiff's alleged claims, but rather, that of other inmates. Plaintiff, who has brought this action pro se, lacks standing to assert the claims of other SCDC inmates. See Laird v. Tatum, 408 U.S. 1 (1972); see also Valley Forge Christian Coll. v. Americans United for Separation of Church & State, 454 U.S. 464, 482 (1982); Flast v. Cohen, 392 U.S. 83, 99 (1968)(a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, such that the merits of the case are irrelevant); Lake Carriers Ass'n v. MacMullan, 406 U.S. 498, 506 (1972); and Hummer v. Dalton, 657 F.2d 621, 625-626 (4th Cir. 1981)(a prisoner cannot act as a "knight-errant" for others). Cf. Oxendine v. Williams, 509 F.2d 1405, 1407 & n. * (4th Cir. 1975)(a pro se prisoner cannot be an advocate for others in a class action); and McNeil v. Guthrie, 945 F.2d 1163, 1164 & nn. 1-2 (10th Cir. 1991).

alleged conditions of confinement.  Tommy Perry, a Food Service Specialist VI for SCDC, states that food is prepared and transported to the staging area of SMU; an SCDC employee monitors the food to ensure that it is properly stored and monitors the placement of food on the plates; the food is placed on a cart and served to the inmates by Security; there is no requirement that a food service staff member accompany the food cart; and beverages are approved by the SCDC Senior Nutritionist and are transported in approved containers.  Perry Aff.  Marcia Fuller, a Senior Nutritionist for SCDC states that SCDC menus are based on adequate nutrition guidelines, palatability, and variety; all menu substitutions are approved by a Registered Dietitian to ensure that nutritional requirements are met; and pursuant to South Carolina Regulations head coverings are no longer required by food service members and food members are not required to wear gloves when serving food.  Fuller Aff.

The Eighth Amendment provides protection with respect to "the treatment a prisoner receives in prison and the conditions under which he is confined."  Helling v. McKinney, 509 U.S. 25, 31 (1993).  However, the constitutional prohibition against the infliction of cruel and unusual punishment "does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."  Wilson v. Seiter, 501 U.S. 294, 298 (1991).  Eighth Amendment protection from cruel and unusual living conditions has both objective and subjective components.  First, deprivations must be objectively serious in the sense that they violate contemporary notions of decency.  Rhodes v. Chapman, 452 U.S. 337 (1981).  Second, the plaintiff must show that subjectively the prison officials acted with a sufficiently culpable state of mind.  Strickler v. Waters,  989 F.2d 1375, 1379 (4th Cir.), cert. denied, 510 U.S. 949 (1993).  The Supreme Court

has held that prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to inmate health or safety. Farmer v. Brennan, 511 U.S. 825 (1994). A plaintiff must produce evidence of serious or significant physical or emotional injury resulting from the challenged conditions to withstand summary judgment on a prison living conditions claim. Strickler, 989 F.2d at 1380-81.

Prisons and detention facilities are required to provide "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." See French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985), cert. denied, Owens v. French, 479 U.S. 817 (1986). Assuming a diet's nutritional adequacy, prison officials have the discretion to control its contents. Divers v. Dep't of Corrs., 921 F.2d 191, 196 (8th Cir. 1990); see also Madyun v. Thompson, 657 F.2d 868, 874-75 (7th Cir. 1981)(allegation that food served to segregated prisoners was cold and not on the menu served to general prison population was insufficient to state an Eighth Amendment violation); Hoitt v. Vitek, 497 F.2d 598, 601 (1st Cir. 1974)(prisoners' allegation of deprivation of hot meals failed to state a claim of cruel and unusual punishment, given the stipulation that three meals were provided daily); Prophete v. Gilless, 869 F. Supp. 537 (W.D. Tenn. 1994)(food which was cold by the time it was served did not constitute cruel and unusual punishment). Further, "[O]ccasional incidents of a foreign object contained in food, while regrettable, does not present a question of constitutional proportion." Lunsford v. Reynolds, 376 F. Supp. 526, 528 (W.D.Va. 1974); see also Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985), cert. denied, 475 U.S. 1096 (1986); Sinclair v. Henderson, 331 F. Supp. 1123 (E.D. La. 1971).

Plaintiff fails to show that any of the alleged conditions are objectively serious. Further, he fails to show any physical injury resulting from the alleged conditions. There is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under § 1983 regarding such claims. See Grandstaff v. City of Borger, 767 F.2d 161 (5th Cir. 1985), cert. denied, 480 U.S. 916 (1987); and Rodriguez v. Comas, 888 F.2d 899, 903 (1st Cir. 1989). The PLRA provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury.[7]

Plaintiff also alleges that Defendants have not followed certain SCDC and DHEC policies. Allegations that defendants have not followed their own policies or procedures, standing alone, do not amount to constitutional violations. See United States v. Caceres, 440 U.S. 741 (1978); see also Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)(if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992)(violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).

---

[7]The PLRA does not define "physical injury" and the Fourth Circuit has not ruled on the issue, but the Fifth Circuit held that "physical injury" must be more than de minimis, but need not be significant. Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997)(concluding that a sore, bruised ear lasting for three days was de minimis and failed to meet the requisite physical injury to support a claim of emotional or mental suffering); see also Zehner v. Trigg, 952 F. Supp. 1318 (S.D. Ind. 1997)(exposure to asbestos not physical injury necessary to support claim for mental or emotional injury under the PLRA), aff'd, 133 F.3d 459 (7th Cir. 1997).

2.       Respondeat Superior

Defendant Ozmint argues that he cannot be held liable on a theory of respondeat superior. The doctrine of respondeat superior generally is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom which results in illegal action. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Fisher v. Washington Metro Area Transit Authority, 690 F.2d 1133, 1142-43 (4th Cir. 1982). Higher officials may be held liable for the acts of their subordinates, however, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization. Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984), cert. denied, Reed v. Slakan, 470 U.S. 1035 (1985).

Plaintiff has not alleged that Ozmint was personally responsible for the alleged incidents. Further, Plaintiff has not shown that Ozmint was deliberately indifferent to, or tacitly authorized, any of the alleged actions or inactions. Thus, Plaintiff fails to show that Defendant Ozmint is liable on a theory of respondeat superior or supervisory liability.

3.       State Law Claims

Plaintiff's remaining claims are based on state law.[8] It is recommended that discretion be exercised pursuant to 28 U.S.C. § 1367(c)(3) and that these remaining state law claims be remanded to the State court. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988); and Hinson v. Norwest Fin. SC, Inc., 239 F.3d 611 (4th Cir. 2001).

---

[8] Defendants have not addressed these state law claims in their motion for summary judgment.

7

## CONCLUSION

Based on review of the record, it is recommended that Defendants' motion for summary judgment be granted and the remaining state law claims be remanded to the State court.

Respectfully submitted,

Joseph R. McCrorey
United States Magistrate Judge

May 23, 2006
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

## Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201