**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| Markiss Lee, # 277800,  |  |
| Plaintiff, |  |
| v. | C/A No. 3:05-3491-GRA-JRM |
| SCDC; DHEC; and Jon Ozmint, |  |
| Defendants. | ORDER (Written Opinion) |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., and filed May 23, 2006. Plaintiff filed this action, *pro se*, in the Court of Common Pleas for Richland County, South Carolina. He is an inmate in the Special Management Unit ("SMU") at the Lee Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Defendants are the SCDC, the South Carolina Department of Health and Environmental Control ("DHEC"), and SCDC Director Jon Ozmint ("Ozmint"). Defendants removed this action to this Court on December 14, 2005. On February 28, 2006, Defendants filed a motion for summary judgment. Because Plaintiff is proceeding *pro se*, he was advised on March 6, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint. On April 18, 2006, the

1

magistrate issued an order allowing Plaintiff an additional fifteen days in which to advise the Court whether he wished to continue to prosecute this action. On May 5, 2006, Plaintiff filed a response, without filing any supporting materials, in which he stated that he wishes to continue to prosecute his case. The magistrate recommends granting Defendants' motion for summary judgment on the conditions of confinement claim and the respondeat superior claim. The magistrate further recommends remanding the remaining state law claims to State court.

Plaintiff is proceeding *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the

absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).  Plaintiff has not objected to the Report and Recommendation.

After a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment be GRANTED and that Plaintiff's claims for conditions of confinement and respondeat superior be DISMISSED.

IT IS FURTHER ORDERED that Plaintiff's remaining state law claims be remanded to State court pursuant to 28 U.S.C. § 1367(c)(3).

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

June   22  , 2006.

## NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.